UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV352-3-W
(3:02CR150-5-D)

| | |
|---|---|
| KEITH ELLIOT BYRD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1); the Government's Answer to Petitioner's Motion and Motion for Summary Judgment (Document No. 7), "Petitioner's Reply to Government's Position Pursuant to Motion Under Title 28 U.S.C. § 2255" (Document No. 10) and Petitioner's Motion for Summary Judgment (Document No. 11.) For the reasons stated herein, the Government's Motion for Summary Judgment will be granted, the Petitioner's Motion for Summary Judgment will be denied and the Petitioner's Motion to Vacate will be denied and dismissed.

**1. FACTUAL AND PROCEDURAL BACKGROUND**

A review of the record reveals that Petitioner and four other individuals were indicted on May 7, 2002 for conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841 (count One)[1] and

---

[1] Title 21 U.S.C. § 841(b)(1)(B) requires a five-year statutory minimum term of imprisonment for the offense charged in Count One.

1

importing five kilograms or more of cocaine into the United States from Jamaica in violation of 21 U.S.C. §§ 952 and 960 (Count Two).[2] Petitioner proceeded to trial before the Honorable Adrian Duplantier[3] on May 19, 2003. On May 21, 2003 the jury found Petitioner guilty of conspiracy to possess with intent to distribute at least 500 grams but less than five kilograms of cocaine and guilty of importing at least 500 grams but less than five kilograms of cocaine into the United States from Jamaica. On March 9, 2004 Judge Duplantier sentenced Petitioner to 78 months in prison for each count, each sentence to run concurrently.[4] Petitioner filed a notice of appeal on March 10, 2004. On appeal, Petitioner challenged the district court's interrogation of witnesses at trial. Finding no error, the Fourth Circuit affirmed the judgment of the district court in an unpublished opinion on December 6, 2004. See United States v. Byrd, No 04-0267, slip op. At 3 (4th Cir. Dec. 6, 2004). Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was granted. The judgment of the Fourth Circuit Court of Appeals was vacated in light of the decision in United States v. Booker, 543 U.S. 220 (2005), and remanded to the Fourth Circuit for further proceedings. See Byrd v. United States, 544 U.S. 971 (April 18, 2005) (No. 04-8986). On remand,

---

[2] Title 21 U.S.C. § 960(b)(a)(B) requires a five-year statutory minimum term of imprisonment for the offense charged in Count Two.

[3] Senior District Judge, United States Eastern District of Louisiana, visiting judge for this trial.

[4] Counts One and Two were grouped for guideline calculation purposes. Petitioner was accountable for at least three kilograms of cocaine; therefore pursuant to U.S.S.G. § 2D1.1 his base offense level was 28. Petitioner had a criminal history category of I which generated a range of imprisonment of 78 - 97 months. The Court notes that the probation officer also recommended that Petitioner's base offense level be increased by two levels for his role as an organizer or leader which would have generated a range or imprisonment of 97-121 months. However, at sentencing the Court found that relative to the others involved in the conspiracy, Petitioner's role was relatively minor and therefore declined to increase Petitioner's base offense level two levels.

the Fourth Circuit held that Petitioner was not entitled to resentencing and affirmed Petitioner's sentence and reinstated the appellate court's prior opinion affirming Petitioner's conviction and sentence. See United States v. Byrd, No. 04-4267, slip op. At 3-4 (4th Cir. Jan. 6. 2006).

On August 14, 2006 Petitioner filed the instant Motion to Vacate alleging that his trial attorney was ineffective for failing to advise him of the safety valve provision of 18 U.S.C. § 3553(f). Petitioner alleges that he was not aware of the possibility of a reduction in his sentence based on the safety valve provision and that "[h]ad counsel properly advised Petitioner of the provisions of §2D1.(b)(6) and § 5C1.2[,] Petitioner would have met with the Government and/or agents and would have provided a full disclosure proffer[,] thus satisfying the statutory requirements." (Pet's Memo at 12.) Petitioner argues that except for counsel's performance "there is a reasonable probability that Petitioner would have been sentenced to a substantially lower sentence," namely, a two-level reduction form his guidelines sentencing range. (Id.)

## II. STANDARD OF REVIEW

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290,

3

1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields 956 F.2d at 1297. It petitioner fails to meet this burden, a "reviewing court need not consider the performance prong. Id. at 1290.

### III. LEGAL ANALYSIS

A. **Defense Counsel's Failure to Advise Defendant of the Safety Valve Was Not Prejudicial.**

Petitioner contends that his trial attorney was ineffective for failing to explain the safety valve provision of 18 U.S.C. §3553(f). Petitioner argues that if his trial counsel, Mr. Plumides,[5] had explained the provisions of the safety valve to him, he would have meet with government agents and provided full disclosure.

The safety valve provision of 18 U.S.C. §3553(f) permits a district court to impose a Guidelines sentence below the applicable statutory minimum if the court finds that the defendant meets certain criteria. To be eligible for sentencing under the safety valve a defendant must meet the following five statutory requirements: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in this offense, and (5) the defendant provided truthful information to the Government concerning the crime. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The burden is on the defendant to prove that he has meet all five safety valve requirements. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996); see also, United States v.

---

[5] The Court notes that according to the Government's Motion for Summary Judgment, the Government was unable to provide an affidavit from trial counsel, John Plumides, because counsel passed away.

Ivester, 75 F.3d 182, 184-85 (4th Cir. 1996) (holding that it is not sufficient that a defendant stands ready to disclose fully if the Government were to approach him to seek information; the plain language of the safety valve provision requires that a defendant must demonstrate that he has fully and truthfully disclosed even if he has never been approached by the Government), cert. denied, 518 U.S. 1011 (1996).

Here, there is no dispute regarding the first four requirements.[6]

As to the fifth element requiring the defendant to provide truthful information to the Government regarding the crime, both Petitioner and Respondent agree that Petitioner did not meet with the Government to provide truthful information regarding the crime. In order for Petitioner to establish that his attorney was ineffective for failing to explain the safety valve provision to him, Petitioner must establish that he was prejudiced by Ms. Plumides' failure to advise him of the requirements of the safety valve provision. Petitioner argues that, had counsel advised Petitioner about the safety valve, "[he] would have met with the Government and/or the agents and would have provided a full disclosure proffer thus satisfying the statutory requirements." (Pet's Memo. at 12.) Petitioner argues that except for counsel's performance "there is a reasonable probability that [he] would have been sentenced to a substantially lower sentence," namely, a two-level reduction from his guideline sentencing range. (Id.) As explained below, Petitioner has not established that he was prejudiced by his attorney's failure to advise him of the requirements for the safety valve.

Title 21 U.S.C. § 841(b)(1)(B) requires a five-year statutory minimum term of imprisonment

---

[6] With respect to the fourth requirement, the Court notes that the Probation Officer recommended that Petitioner be sentenced for his role as an organizer or leader. The Court, however, found Petitioner's role, compared to the other members of the conspiracy, was relatively minor and did not qualify as a manager, organizer, leader or supervisor (Sentencing transcript at 15).

for the offense charged in Count One. Likewise, 21 U.S.C. § 960(b)(a)(B) requires a five-year statutory minimum term of imprisonment for the offense charge in Count Two. Petitioner's 78 month sentence was the bottom of the guideline range of 78 to 97 months' imprisonment based on a total offense level of 28 and a criminal history category of I. Moreover, since Petitioner's 78 month sentence was above the statutory mandatary minimum of 5 years or 60 months, even assuming that Petitioner's offense level was reduced by two levels for the safety valve as he argues, his base offense level would be reduced to a 26 from a 28 resulting in a guideline range of 63 to 78 months, which is still above the statutory mandatory minimum of 5 years or 60 months. Furthermore, Petitioner was sentenced to 78 months, which is within the range Petitioner could have received if he had been sentenced with the benefit of the safety valve provision. Consequently, Petitioner cannot establish any prejudice since he did in fact receive a sentence which was within the sentencing range that he would have received if he had the benefit of the safety valve provision.

**B. Petitioner's Disingenuous Acts at Trial and Sentencing Show He Would Not Be Truthful as the Safety Valve Requires.**

Petitioner's assertion that, had he been informed of the requirements of the safety valve provision, he would have made himself available for an opportunity to qualify for the safety valve, is disingenuous. Petitioner's testimony at trial and sentencing belies any suggestion that he would have acknowledged his responsibility for the offense. Throughout the trial, Petitioner maintained his innocence and denied involvement in the conspiracy. (Trial Transcript 243-265.) Specifically, Petitioner denied engaging in drug activity during his stay in Philadelphia, other than "smoking weed," (Id. at 250, 253), denied having possessed or having dealt with any kind of cocaine at any

6

time in his life, and denied ever making arrangements to send women to Jamaica. (Id. at 253.) Petitioner further denied involvement with any drug activity relative to travel to Jamaica, denied involvement in any drug activity in the Wadesboro area and also denied involvement with any type of cocaine at any other place (Id. at 257). Even at sentencing, Petitioner persisted in his claim that he was innocent. During the sentencing hearing Petitioner stated:

> This is a very trying time for me. And, your honor, I'm not guilty. I mean and - it's just the things that I guess I'm guilty by association, but as far as me just getting the girls to go, no. No, sir, I'm not in this. And that's all I really have to say about that.

(Sentencing Transcript at 6.)

In short, Petitioner was not truthful about his participation in the drug trafficking activities throughout the trial and even continuing through his sentencing hearing. Petitioner has not shown that he would have told the truth as required by the safety value. Rather his actions at trial and sentencing indicate he likely would have given false statements to investigating agents, thereby disqualifying himself for the safety valve. Therefore, assuming for argument his counsel were ineffective by not explaining the safety value to him, he would not have qualified for the safety valve anyway.

Therefore, Petitioner's claim that his attorney was ineffective for failing to explain the provisions of the safety valve provision to him is denied.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Summary Judgment (Document No. 7) is **GRANTED,** Petitioner's Motion for Summary

Judgment (Document No. 11) is **DENIED** and Petitioner's Motion to Vacate (Document No. 1) is **DENIED AND DISMISSED**.

    **FURTHERMORE**, Petitioner's Motion for Discovery and for the Appointment of Counsel, contained within "Petitioner's Memorandum of Law and Supporting Appendix in Support of Motion to Correct Vacate, and/or Set-Aside Sentence Pursuant to Title 28 U.S.C. § 2255" (Document No. 1-2) are **DISMISSED** as moot.

    **IT IS SO ORDERED**.

Signed: January 6, 2007

Frank D. Whitney
United States District Judge